78 F.3d 586
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Michael McCOY, Petitioner-Appellant,
v.
Thomas PAGE,** Warden, Menard Correctional
Center, and Attorney General of the State of
Illinois, Respondents-Appellees.
 No. 95-1138.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 29, 1996.*
Decided March 4, 1996.
 
 Before POSNER, Chief Judge, and MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Michael McCoy was convicted of armed robbery and murder by the Circuit Court of Cook County, Illinois. After exhausting his state remedies, McCoy filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254, alleging four errors in his trial: (1) that he was arrested without probable cause in violation of the Fourth Amendment, and that the evidence seized as a result of that arrest should have been suppressed; (2) that a witness's hearsay statements deprived him of his Sixth Amendment right to confront the witnesses against him; (3) that the prosecution improperly introduced evidence of a codefendant's other crimes, thereby prejudicing him and violating his Fourteenth Amendment right to due process; and (4) that the prosecutor's closing remarks were highly inflammatory and prejudicial, and thereby also violated his Fourteenth Amendment right to due process.
 
 
 2
 The district court denied the petition, holding that because McCoy had a full and fair opportunity to argue his Fourth Amendment claim in the state courts, the Supreme Court's ruling in Stone v. Powell, 428 U.S. 465 (1976), precluded it from re-examining that claim. As to the remaining three claims, the district court held that McCoy failed to make out the requisite showing of prejudice necessary to warrant habeas corpus relief. McCoy appealed, claiming that all four determinations by the district court were erroneous.
 
 
 3
 After carefully examining the parties' briefs and the district court's order, we have determined that the district court correctly resolved all of McCoy's claims. We therefore AFFIRM for the reasons stated in the district court's order dated July 12, 1994.
 
 
 
 *
 After examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case; accordingly, the appeal is submitted on the briefs and record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 **
 Thomas Page is substituted for George C. Welborn pursuant to Fed.R.App.P. 43(c)